# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 10, 2013

Robert P. Young, Jr.,
Chief Justice

146241

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

DUSTIN ARTHUR MARSHALL,
      Defendant-Appellant.
_____/

SC: 146241
COA: 297115
Jackson CC: 09-005490-FH

On order of the Court, the application for leave to appeal the October 4, 2012 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE Part II of the Court of Appeals judgment. The Court of Appeals erred in holding that there was no prosecutorial misconduct when the prosecutor, in closing, argued that witnesses were recanting because they were intimidated by spectators in the courtroom. We recognize that "[p]rosecutors are accorded great latitude regarding their arguments and conduct. They are free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *People v Bahoda*, 448 Mich 261, 282 (1995) (internal citations omitted). Here, however, there was no evidence that the courtroom spectators were intimidating the witnesses. Thus, the prosecutor's argument was not based on evidence in the record, and was improper. The Court of Appeals also erred in holding that there was no misconduct based on the prosecutor's argument that defendant had the intent to kill the victim because children lived in the neighborhood where defendant fired his gun. Defendant was charged with assault with intent to commit murder, MCL 750.83. As we stated in *People v Taylor*, this crime requires a specific intent to kill. 422 Mich 554, 567 (1985). Behavior that might otherwise establish malice in the context of murder, such as callous disregard for human life, is insufficient. *Id.* Because this line of argument was irrelevant to the prosecutor's burden of proof, it was improper. However, the Court of Appeals nevertheless reached the correct result as to the issue of prosecutorial misconduct because defendant failed to preserve these arguments, and the misconduct did not affect his substantial rights. *People v Carines*, 460 Mich 750, 763 (1999). In all other respects, the application for leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 10, 2013

Clerk

p0507